HERGET, Judge.
On its conclusion that Mrs. Bienvenu had been deprived of employment in the classified service of the State through the con *226 stitutionally prohibitive use of political influence, the Civil Service Commission rendered its Order recognizing Mrs. Lité B. Bienvenu as having been duly appointed to the position of Public Welfare Director II for St. Martin Parish and directed that she enter into the performance of the duties of said office. Mrs. Mary Evelyn Parker, Commissioner of Public Welfare, appealed to this Court from the ruling of the Commission and obtained an order staying the execution of the Commission’s Order pending disposition of this appeal.
Mr. W. W. McDougall, Director of Personnel of the Department of State Civil Service, filed a motion to dismiss Mrs. Parker’s appeal for lack of jurisdiction. It is on this motion the matter is presently before us.
Upon receipt by the Commission of a letter from Mrs. Bienvenu expressing the opinion she was denied the position of Welfare Director II because of political pressures, the Commission notified Mrs. Bienvenu, Honorable Robert Angelle and Mrs. Mary Evelyn Parker a hearing would be conducted on February 20, 1963 to investigate such charges, allegedly in accordance with LSA-Const. Art. 14, § 15(0) (4), reading as follows:
“Violations; investigations; hearings; suspension or dismissal. The State and each City Civil Service Commission may, at any time, upon its own initiative, investigate any violation by any person of the provisions of this Section, and shall upon the filing of written charges by any person of such a violation within one year after the alleged violation, investigate such charges. Within ninety days after the filing of charges as herein provided, the Commission shall hold a public hearing concerning the charges. If the appropriate Commission, after public hearing in an investigation instituted either on its own initiative or after charges, shall determine that the person or persons under inquiry have violated any of the provisions of this Section, the appropriate Commission is empowered, in its discretion, to direct the appointing authority having power and supervision over any offending officer or employee in the State of City Service, as the case may be, forthwith to suspend without pay for a period of time designated by the -Commission or to dismiss such officer or employee, and such officer or employee shall be suspended or dismissed as directed by the Commission.”
After the hearing the Commission, with one member dissenting and another takin no part, rendered an opinion, stating i part: a crq
“Charging that she had failed to obtain an appointment as the Director of the St. Martin Parish Department of Public Welfare through political pressure applied to the appointing authority, Mrs. Lité Bienvenu addressed a letter under date of December 21, 1962, to the Department of Civil Service seeking protection of such rights as she might have in the premises. An investigation of the charge was conducted by the Director of the Department of Civil Service, and thereafter the Civil Service Commission ordered a public hearing pursuant to the provisions of Article XIV, Section 15(0) (4) of the Louisiana Constitution and Section 2.9-C of the Civil Service Rules. This hearing was held in Baton Rouge on February 20, 1963, at which time documentary evidence was received by the Commission, and the sworn testimony of a number of witnesses, including the complainant, was heard. Following the hearing the Commission took the matter under advisement, and, based on a study of the written and oral evidence received at the aforesaid public hearing, the Commission makes the following * * *.
“Having found as we have that the complainant was, through the constitu *227 tionally prohibited use of political influence, deprived of employment in the Classified Service of the State of Louisiana, IT IS ORDERED that Mrs. Lité B. Bienvenu be recognized as having been duly appointed to the position of Public Welfare Director II for St. Martin Parish, and, effective immediately upon the finality of this order, subject to all pertinent rules and regulations governing such appointment and position, that she enter into the performance of the duties of such office.”
Civil Service Rule 2.9-C alluded to provides :
“To conduct investigations and on its own motion, or the application of any interested party, hold open hearings whenever there is reason to believe the Civil Service Amendment or Rules are being violated or have been violated by any person or department and to issue appropriate orders in such cases.”
From a reading of the constitutional provision referred to, it is evident the sole purpose thereof is to clothe both the State and City Civil Service Commissions with the right to order the appointing or supervising authority to discipline an employee by suspension or dismissal as directed by the Commission. There is no authority therein for ordering the employment of an applicant allegedly discriminated against.
Section 2.9-C of the Civil Service Rules quoted supra, though purportedly authorizing the Commission to make such orders as it deems appropriate, is limited by the constitutional provision above quoted.
As is evident from the complaint filed rvith the Commission by Mrs. Bien-venu, her sole purpose was to seek what protection she might have and, in essence, to obtain appointment to the office which she sought and which she allegedly was deprived of because of political pressure. The remedy she sought and that which the Commission ordered clearly comes within the provisions of LSA-Const. Art. 14, § 15(0) (2), reading in part:
“Right of appeal. * * * persons who shall have applied for or shall have been examined for the Classified Service and shall not have established their status as permanent Classified employees and allege that they have been discriminated against in review of their applications, admission to the examination, the scoring of examinations, the establishment of eligible lists and certifications therefrom, shall be granted the right of appeal before the appropriate Commission.”
It is under the provisions of this section and subsection of Article 14 that Mrs. Bien-venu’s complaint was filed; the redress which she sought is provided therein and the exercise of such right by Mrs. Bienvenu is clearly labelled “Right of appeal."
LSA-Const. Art. 14, § 15(0) (1) provides :
“Appeals; jurisdiction; decision; judicial review. There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law if application to the Commission is made within thirty (30) days after the Commission’s decision becomes final. The Supreme Court shall promulgate rules of procedure to be followed in the taking and lodging of such appeals.”
Jurisdiction of appeals from the Civil Service Commission is now vested in the Courts of Appeal and under the Uniform Rules of the Courts of Appeal, revised ana *228 amended as of July 1, 1961, Rule 16 provides in part:
“An appeal, limited to the review of questions of law, shall lie to this Court on all final decisions of Civil Service Commissions. * * * ”
We are of the opinion Mrs. Bienvenu appealed to the Commission for redress of her rights; the Commission on such appeal decreed her rights; such decision is appeal-able to this Court, in consequence of which this Court has jurisdiction.
Motion denied.