HERGET, Judge
(dissenting).
This Court considered on a prior occasion a phase of the issues involved — thafr is, the right of Mrs. Mary Evelyn Parker, Commissioner of Public Welfare, to appeal,. *219 ■and, for reasons assigned, La.App., 155 So. 2d 225, we concluded the matter was appeal-able.
In 1962 Mrs. Parker, as Commissioner of Public Welfare, had for her consideration the appointment to the post of Public Welfare Director II for St. Martin Parish. One of the applicants for this position was Mrs. Lité B. Bienvenu. Mrs. Bienvenu did not receive the appointment and, believing that her failure to receive same was the' result of the intervention of Representative Robert Angelle, she addressed a letter to the Department of Civil Service complaining she had been discriminated against because of political reasons. The Civil Service Commission, on February 20, 1960, conducted an investigation of the charge made by Mrs. Bienvenu in this respect. Following the hearing, with one dissenting vote, -the Commission concluded Mrs. Bienvenu Rad been appointed to the post and directed -that she enter into the immediate performance as such of the duties of the office. This 'Court, on the application of Mrs. Parker, granted a stay of the execution of the ■Commission’s order pending the disposition ■of the appeal.
In its opinion of date April 10, 1963, the Commission concluded:
“The direct, and only, cause for the failure of Mrs. Bienvenu to obtain the •employment sought by her was the intervention of Representative Angelle. His intervention was politically motivated, prohibited by the Constitution of Louisiana and therefore illegal.”
Prom this recitation of factual finding, the Commission then concluded:
“* * * IT IS ORDERED that Mrs. Lité B. Bienvenu be recognized as having been duly appointed to the position of Public Welfare Director II for St. Martin Parish, and, effective im-mediately upon the finality of this •order, subject to all pertinent rules and regulations governing such appointment and position, that she enter into the performance of the duties of such office.”
Under the Constitution of the State of Louisiana it is specifically provided that the appointment to the post of Public Welfare Director II is vested in the Commissioner of Welfare, who is now Mrs. Parker. No authority is granted to the Civil Service Commission to make such appointment. On the argument of this case before us, it was conceded the Commission had no right to order the appointment of such office and learned counsel for the Commission noted that in arriving at its decision, the Commission, with due recognition of its own inability to appoint Mrs. Bienvenu, advisedly and intentionally predicated its ruling that Mrs. Bienvenu had been “recognized as having been duly appointed to the position of Public Welfare Director II for St. Martin Parish” and ordered “that she enter into the performance of the duties of such office”, thus tenuously accomplishing that which they had no authority to do. Factually, the record fails to support the position taken by the Commission. Though Mrs. Parker had under consideration the appointment of Mrs. Bienvenu to the position and though from the evidence in the record it was reasonably anticipated that such appointment would be made, in actuality and in fact, Mrs. Parker at no time appointed Mrs. Bienvenu to the office and therefore the Commission could not breathe into the actions taken by Mrs. Parker anything other than that which the evidence shows to be a fact. Mrs. Bienvenu was never appointed by Mrs. Parker to the office and therefore the Commission cannot recognize as a fact that which never existed.
I observe in the majority opinion that approval was given to the finding of fact: (1) “ * * * it was agreed between Mrs. Bienvenu and the Department (not Mrs. Parker) that she would report for duty in the St. Martin Parish office on November 26, 1962” ; (2) A letter was written for the signature of Mrs. Parker notifying Mrs. Bienvenu of her appointment; and (3) “Mrs. Bienvenu, believing that political con *220 siderations had been responsible for preventing her from entering into the emploj''ment of the Department of Public Welfare, prepared and mailed her letter of complaint * * * (Emphasis mine.) With the recitation of this factual finding, the majority then conclude the Order of the Commission recognising Mrs. Bienvenu as having been appointed to the position for which she had applied could not “ * * * by any stretch of the imagination be interpreted as a direct appointment of Mrs. Bienvenu to the position by the Commission.” The majority further says: “The Commission concedes it has no authority to make a direct appointment.”
The majority then refer to Chapter 1, Paragraph l.S of the Rules of the Civil Service Commission wherein, as is apparent from a reading of the rules, appointment to an office by an authorized authority under the Civil Service Commission is predicated upon the induction of the appointee into such position. Then quoting Section 8.9 A of the Commission’s rules in full, emphasized the concluding sentence thereof: “In each case of acceptance of an appointment such appointment shall become effective as of the date upon which the appointee enters upon duty.” The majority of this Court, as did the Commission, in my opinion supplied a remedy not provided for one allegedly discriminated against, as was Mrs. Bienvenu, and contrary to the specific provision of the Constitution of Louisiana which gives none other than the Director of Welfare, Mrs. Parker, the authority to appoint one to the office sought by Mrs. Bien-venu, tenuously recognized in fact such appointment was made.
I disagree with the approbation by this Court of the finding of fact by the Commission Mrs. Bienvenu was denied the right to enter into the performance of the services for which she had been “engaged”. Likewise, in the factual situation as was developed on the trial of the case, inasmuch as Mrs. Parker was the appointing authority, I do not view with lightness Mrs. Parker’s failure — upon her determination, rightfully or wrongfully, Mrs. Bienvenu was not the proper person for the appointment — to sign the letter notifying Mrs. Bienvenu of her appointment. As I view the question raised by this appeal, it is one of fact whether or not Mrs. Parker had made such appointment and, while concededly such an appointment would not necessarily be required to be made in writing, to hold such appointment was in fact made requires the determination of that fact and, to me, it is obvious — though, concededly, a representative of Mrs. Parker had assured Mrs. Bienvenu she would be appointed to the office — such appointment by Mrs. Parker never in fact took place.
The majority refers to Rule 14.1 (A) of the Commission and quotes same in full wherein the Commission denounces the appointment, promotion, dismissal, discrimination against, one in the classified service because of his political or religious opinions or affiliations. While I am in accord with the announced policy as established by the Rule, the sole question presented by this appeal is not what we as a court believe to be the remedy afforded for the alleged discriminatory act preventing the appointment of Mrs. Bienvenu but rests only on the authority of this Court to grant relief provided by the Constitution and Statutes of the State of Louisiana — ours is only to decide the law, not to take upon ourselves the robe of the Constitutional Convention or the Legislature and make the law.
As I read the majority opinion, this Court resorted to the same reasoning as did the Civil Service Commission in holding Mrs. Bienvenu’s appointment had been made by Mrs. Parker and I believe the majority emphasized the belief I entertain when it held “(2) the designation or appointment vested her with at least the inchoate right to the position unless she could be disqualified for cause;”. (Emphasis mine.) In Webster’s New International Dictionary, Second Edition, unabridged, I find the word “inchoate” defined as follows: “Inchoate, adj. Recently, or just, begun; beginning; incipient; partly, but not fully, *221 in existence or operation; existing in its elements; incomplete." (Emphasis supplied.)
In my opinion the majority have recognized by this language that in fact no appointment was made of Mrs. Bienvenu to the office by Mrs. Parker, the only individual under the Constitution who had the right to make such appointment, and, accordingly, inasmuch as the evidence fails to disclose that in truth and in fact Mrs. Parker, Commissioner of Public Welfare, had appointed Mrs. Bienvenu to the position, there is no basis whatever for the Commission or this Court recognizing as a fact the appointment.
For these reasons I respectfully dissent.