Dear Mr. Zito:
You have requested an opinion from this office with regard to:
 1. The definition of an "emergency appointment" as contemplated by LSA-R.S. 33:2496;
 2. Whether, in a "manpower shortage", a supervisor can make an emergency appointment, and whether an employee is obligated to accept such an appointment; and
 3. Whether the Baton Rouge Municipal Fire and Police Civil Service Board can adopt rules and regulations as to temporary, substitute and emergency appointments.
I understand from your request that the above referred to "manpower shortages" occur during times when firemen are on pre-approved leave.
LSA-R.S. 33:2496 provides, in pertinent part, as follows: C. Emergency appointments of any person may be made at any time the needs of the service require because of any local emergency of a temporary and special nature. No such appointment shall be effective or continued for more than ten days. (emphasis added)
An "emergency" appointment can be made only under circumstances where there exists a local emergency of a temporary and special nature. "Emergency" is defined by Webster's II, New Riverside University Dictionary as "An unexpected, serious occurrence or situation urgently requiring prompt action." Thus, an "emergency" appointment can be made only where the needs of the service are unexpected. Employee absences due to routine and pre-approved leave do not qualify as an emergency, and it is therefore our opinion that such "manpower shortages" may not validly serve as the basis of an emergency appointment.
As to an employee's obligation to accept an "emergency appointment", the idea of an "appointment" to a position, as contemplated by LSA-R.S. 33:2496, is in the nature of an offer and acceptance of employment. In re Bienvenu, 155 So.2d 225
(La.App. 1st Cir. 1963), app. aft. rem. 158 So.2d 213 (La.App. 1st Cir. 1963) Thus, one is not obligated to accept an "appointment" to any employment, including an "emergency appointment" of a current employee.
With regard to the Board's authority to adopt rules, LSA-R.S. 33:2477 provides, in pertinent part, as follows:
The Board shall:
. . . .
 (7) Make, alter, amend, and promulgate rules necessary to carry out effectively the provisions of this Part.
Further, the Board's authority to make rules and regulations is recognized by the Baton Rouge Municipal Ordinances. See Ch. 2, Sec. 5:101 and 103. Therefore, it is the opinion of this office that the Baton Rouge Municipal Fire and Police Civil Service Board has the authority to adopt rules and regulations to effectively carry out the provisions of the Municipal Fire and Police Civil Service law, including that which pertains to temporary, substitute and emergency appointments.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-1738o